SHORES, Justice.
Cynthia Ann Deal Segrest appeals from a summary judgment granted to Palomar Insurance Corporation on the issues of fraud, civil conspiracy, and breach of contract. We reverse the judgment of the trial court and remand for further proceedings.
In July 1980, Segrest became an employee of The Terrace Florist, a family business owned by JoAnne, Gary, Carolyn, and Mrs. H.C. Lewis. At the beginning, Segrest had no established hours at the shop. But when Mrs. H.C. Lewis became injured and the shop needed extra help, Segrest became a full-time employee. Because of the financial condition of the new business, Segrest agreed to work the extra hours without pay in return for a bonus later.
Gary Lewis, a silent partner in the flower shop, was also a full-time employee of Palomar Insurance Corporation, an insurance brokerage company. At the suggestion of his mother, Mrs. H.C. Lewis, he approached John Allen at Palomar about getting health insurance for the shop’s employees. Allen was vice president in charge of health insurance; Gary was an agent in the property and casualty insurance division. Allen told Gary to obtain information on the employees so that he could locate a company to write the insurance. The policy located by Allen required that three full-time employees of the shop purchase the insurance. Because only JoAnne Lewis and Segrest were actually employed at the shop, Allen told Gary that he was going to “use” him as the necessary third person. He also told him to fill out an enrollment card and state earnings of $650 per month. Allen knew that Gary was neither an active partner nor drawing a salary. Palomar received a commission on the insurance brokered between the shop and the insurer, Mutual Benefit Life Insurance Company.
Allen gave the policies to Gary to deliver and authorized him to explain the coverage. Gary told Segrest that she was covered, but did not tell her that she had to work 30 hours a week to maintain coverage. Seg- *707 rest paid her premiums to the shop, which in turn wrote a monthly check to Mutual Benefit; the first premium, however, was sent to Palomar. There is some dispute as to whether Segrest was given a copy of the policy or a certificate of insurance. The certificate did not mention the 30-hours-per-week requirement for coverage.
Segrest worked full time for The Terrace Florist until she became ill in March 1982. Her doctor told her that she needed gynecological surgery, but before consenting to the operation Segrest wanted to make sure that her insurance would cover it. Her mother called Palomar and was informed that Segrest was indeed covered. After the surgery, JoAnne Lewis filled out Seg-rest’s claim form, which Segrest signed. The form, however, incorrectly stated that Segrest averaged only 20 hours per week. Consequently, Mutual Benefit denied the claim. JoAnne submitted documents correcting the earlier form, but Mutual Benefit continued to deny coverage on the grounds that Segrest was not a full-time employee.
In May 1983, Cynthia Segrest brought this action against Mutual Benefit, The Terrace Florist, the Lewises, and Palomar. Her complaint alleged that the defendants committed fraud, breach of contract, negligent procurement of insurance, civil conspiracy, and RICO violations; it additionally charged Mutual Benefit with tortious bad faith refusal to honor a valid insurance claim. All the defendants moved for summary judgment. On January 28, 1985, the trial court granted summary judgment for Palomar on all counts and for all defendants on the RICO count. Segrest filed a motion to reconsider the Palomar judgment, which the court denied. After the trial court made it final pursuant to Rule 54(b), Ala.R.Civ.P., Segrest appealed the summary judgment in favor of Palomar.
There is a genuine issue of material fact regarding Palomar’s alleged representations, made by its agent, Gary Lewis, to Segrest. Segrest claims that Lewis told her that coverage depended only upon her paying the required premiums. Segrest also claims that she received only a certificate of insurance, which did not mention the 30-hours-per-week requirement. On the other hand, Palomar argues that Seg-rest received a copy of the policy, which did contain the requirement. A conflict in such critical evidence is meant for resolution by trial. Therefore, the trial court erred in granting summary judgment in favor of Palomar on the fraud claim.
We have considered only the fraud claim against Palomar and, having found error in granting summary judgment on this claim, we do not consider other claims which were also disposed of by way of summary judgment. Appellate review of summary judgments does not include a determination of all triable issues in a case. This is a function of the trial court.
The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.